IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURANCE E. HARRIS and | : | |
| ERIN E. HARRIS, | : | No. |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| EXXON MOBIL CORPORATION; EXXON | : | |
| CORPORATION; MOBIL CORPORATION, | : | |
| MOBIL PIPE LINE COMPANY a/k/a MOBIL | : | |
| PIPELINE COMPANY; EXXON MOBIL | : | |
| PIPELINE COMPANY a/k/a EXXON | : | |
| PIPELINE COMPANY; EXXON MOBIL | : | JURY TRIAL DEMANDED |
| RISK MANAGEMENT, INC.;  JOHN DOE I; | : | |
| JOHN DOE II; JOHN DOE III; JOHN | : | |
| DOE IV and JOHN DOE V, | : | |
| | : | |
| DEFENDANTS | : | |

**C O M P L A I N T**

**JURISDICTION AND VENUE**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332.

2.      The amount in controversy exceeds the minimum threshold amount of

Seventy-Five Thousand Dollars, exclusive of interest and costs, as mandated by 28 U.S.C.A.

§1332.  Plaintiffs and Defendants are citizens of different states.

3.      Venue is appropriate in the Eastern District of Pennsylvania.  A

substantial part of the events and/or omissions giving rise to Plaintiffs' claims and causes of

action occurred in the Eastern District.

**PARTIES**

4.      Plaintiff, Laurance E. Harris, is a citizen of the Commonwealth of

Pennsylvania and an adult individual residing at 1757 Main Street, Northampton, Northampton

County, Pennsylvania, 18067.

      5.      Plaintiff, Erin E. Harris, is a citizen of the Commonwealth of Pennsylvania and an adult individual residing at 1757 Main Street, Northampton, Northampton County, Pennsylvania, 18067.

      6.      Plaintiffs are husband and wife.

      7.      Upon investigation and information received, Plaintiffs aver that the Defendant Exxon Corporation is a corporation organized, licensed and existing under the laws of the State of New Jersey.   Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

      8.      Upon investigation and information received, Plaintiffs aver that the Defendant Mobil Corporation is a corporation organized, licensed and existing under the laws of the State of New York.  Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

      9.      Upon investigation and information received, Plaintiffs aver that in 1999, Defendant Exxon Corporation merged with Defendant Mobil Corporation to form the Defendant Exxon Mobil Corporation.  Plaintiffs further aver that the Defendant Exxon Mobil Corporation is a corporation organized, licensed and existing under the laws of the State of New Jersey, with its principle place of business located at  830 Bear Tavern Road, West Trenton, New Jersey, 08628 and its corporate headquarters at 5959 Las Colinas Boulevard, Irving, Texas, 75039-2298. Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

      10.      Upon investigation and information received, Plaintiffs aver that the Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company is a corporation organized, licensed and existing under the laws of the State of Delaware, with its principle place of business

located at 800 Bell Street, Houston, Texas, 77002.  Defendant Mobil Pipe Line Company is an

affiliate, subsidiary and/or agent of the Defendant Exxon Mobil Corporation.  Defendant is a

citizen of a state other than the Commonwealth of Pennsylvania.

        11.     Upon investigation and information received, Plaintiffs aver that the

Defendant Exxon Pipeline Company, after the merger referred to in Paragraph 9 above, became

the Defendant Exxon Mobil Pipeline Company.  Plaintiffs further aver that the Defendant Exxon

Mobil Pipeline Company is a corporation organized, licensed and existing under the laws of the

State of New Jersey, with its principle place of business located at  830 Bear Tavern Road, West

Trenton, New Jersey, 08628.  Defendant Exxon Mobile Pipeline Company a/k/a Exxon Pipeline

Company is an affiliate, subsidiary and/or agent of the Defendant Exxon Mobil Corporation.

Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

        12.     Upon investigation and information received, Plaintiffs aver that the

Defendant Exxon Mobil Risk Management, Inc. is a corporation organized, licensed and existing

under the laws of the State of New Jersey, with it principle place of business located at 3225

Gallows Road, Room 2C1734, Fairfax, VA  22037.  Defendant Exxon Mobil Risk Management,

Inc. is an affiliate, subsidiary and/or agent of the Defendant Exxon Mobil Corporation.

Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

        13.     Defendant John Doe, I, is a corporation, entity, affiliate, subsidiary, agent

and/or employee of the Defendant Exxon Mobil Corporation and/or the Defendant Mobil Pipe

Line Company and/or the Defendant Exxon Mobil Pipeline Company and/or the Defendant

Exxon Mobil Risk Management, Inc.  Plaintiffs further aver that the specific name, place of

organization or licensing and specific address of its principle place of business are known solely

to the above-named Defendants, could not be ascertained by Plaintiffs, despite due diligence and

3

investigation and that Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

14.     Defendant John Doe, II, is a corporation, entity, affiliate, subsidiary, agent and/or employee of the Defendant Exxon Mobil Corporation and/or the Defendant Mobil Pipe Line Company and/or the Defendant Exxon Mobil Pipeline Company and/or the Defendant Exxon Mobil Risk Management, Inc.  Plaintiffs further aver that the specific name, place of organization or licensing and specific address of its principle place of business are known solely to the above-named Defendants, could not be ascertained by Plaintiffs, despite due diligence and investigation and that Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

15.     Defendant John Doe, III,  is a corporation, entity, affiliate, subsidiary, agent and/or employee of the Defendant Exxon Mobil Corporation and/or the Defendant Mobil Pipe Line Company and/or the Defendant Exxon Mobil Pipeline Company and/or the Defendant Exxon Mobil Risk Management, Inc.  Plaintiffs further aver that the specific name, place of organization or licensing and specific address of its principle place of business are known solely to the above-named Defendants, could not be ascertained by Plaintiffs, despite due diligence and investigation and that Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

16.     Defendant John Doe, IV,  is a corporation, entity, affiliate, subsidiary, agent and/or employee of the Defendant Exxon Mobil Corporation and/or the Defendant Mobil Pipe Line Company and/or the Defendant Exxon Mobil Pipeline Company and/or the Defendant Exxon Mobil Risk Management, Inc.  Plaintiffs further aver that the specific name, place of organization or licensing and specific address of its principle place of business are known solely

to the above-named Defendants, could not be ascertained by Plaintiffs, despite due diligence and investigation and that Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

17.     Defendant John Doe, V,  is a corporation, entity, affiliate, subsidiary, agent and/or employee of the Defendant Exxon Mobil Corporation and/or the Defendant Mobil Pipe Line Company and/or the Defendant Exxon Mobil Pipeline Company and/or the Defendant Exxon Mobil Risk Management, Inc.  Plaintiffs further aver that the specific name, place of organization or licensing and specific address of its principle place of business are known solely to the above-named Defendants, could not be ascertained by Plaintiffs, despite due diligence and investigation and that Defendant is a citizen of a state other than the Commonwealth of Pennsylvania.

18.     Plaintiffs aver upon investigation and information received that the Defendant Exxon Mobil Corporation, and its subsidiaries, affiliates, agents and employees, Defendant Mobil Pipe Line Company,  Defendant Exxon Mobil Pipeline Company and Defendant Exxon Mobil Risk Management, Inc., are responsible for all inspections and maintaining the safety of all of its pipelines which transport hazardous liquids.

19.     Plaintiffs aver upon investigation and information received that Defendant Exxon Mobil Corporation and its subsidiaries, affiliates, agents and employees, Defendant Mobil Pipe Line Company,  Defendant Exxon Mobil Pipeline Company and Defendant Exxon Mobil Risk Management, Inc. owned and were responsible for all inspections and maintaining the safety of a gasoline pipeline which runs from Malvern, Pennsylvania to Syracuse, New York and Buffalo, New York, including a pipeline junction in a residential area of South Whitehall Township, Lehigh County, Pennsylvania.

20.     Plaintiffs aver upon investigation and information received that Defendant Exxon Mobil Corporation and its subsidiaries, affiliates, agents and employees, Defendant Mobil Pipe Line Company,  Defendant Exxon Mobil Pipeline Company and Defendant Exxon Mobil Risk Management, Inc. were responsible for all inspections and maintaining the safety at the aforesaid gasoline pipeline junction and overseeing the safe flow of liquid gasoline through the pipeline.

21.     Plaintiffs aver upon investigation and information received that Defendant Exxon Mobil Corporation and its subsidiaries, affiliates, agents and employees, Defendant Mobil Pipe Line Company,  Defendant Exxon Mobil Pipeline Company and Defendant Exxon Mobil Risk Management, Inc., were responsible for all inspections and maintaining the safety of the flow of hazardous liquids through the entire pipeline that runs from Malvern, Pennsylvania, to Syracuse, New York and Buffalo, New York and passes through South Whitehall Township, Lehigh County, Pennsylvania.

22.     Plaintiffs aver upon investigation and information received that Defendant Exxon Mobil Corporation and its subsidiaries, affiliates, agents and employees, Defendant Mobil Pipe Line Company,  Defendant Exxon Mobil Pipeline Company and Defendant Exxon Mobil Risk Management, Inc., were responsible for regularly inspecting and making the necessary inspections of the valve settings, valve junction and fittings at the pipeline in South Whitehall Township, including those located at the pipeline at Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, Pennsylvania, 18069, also known as the Allentown junction.

23.     Alternatively, Plaintiffs aver that the Defendant Exxon Mobil Corporation, Defendant Mobil Pipe Line Company,  Defendant Exxon Mobil Pipeline Company and

6

Defendant Exxon Mobil Risk Management, Inc., are aware of the identity of its subsidiaries, affiliates, agents and employees which were responsible for inspecting and maintaining the safety of the Malvern to Syracuse and Buffalo pipeline, including the Allentown junction.

24.     From September, 2004 through February, 2005, Defendants negligently failed to conduct the necessary inspections of the valve settings, junction and fittings at the South Whitehall pipeline and, as a result, failed to properly drain water from the valve settings, junction and fittings and to take all necessary action to prevent the valve/pipeline from cracking and/or failing.

25.     As a result of the Defendants' negligence in failing to make the necessary inspections and to properly drain water from the valve settings, junction and fittings and to take all necessary measures to prevent the valve/pipeline from failing or cracking, the aforesaid valve/pipeline failed and/or cracked.

26.     Plaintiffs believe and therefore aver that, as a result of the Defendants' negligence in failing to properly and safely maintain the pipeline, water accumulated, froze and caused the valve/pipeline to crack and/or fail.

**Injuries and Damages - Plaintiff Laurance E. Harris**

27.     On February 1, 2005, Defendants' eight (8) inch Malvern to New York valve/pipeline cracked, resulting in the release of unleaded gasoline which ignited at the location of  Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, Lehigh County, Pennsylvania.

28.     On February 1, 2005, Plaintiff Laurance E. Harris was lawfully operating his vehicle and stopped on the roadway across from the pipeline at the intersection of Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, Lehigh County,

Pennsylvania.

29.     The Plaintiff's vehicle was lawfully stopped behind the vehicle being operated by Michael J. Shannon.  The Shannon vehicle was also being lawfully operated and stopped at the aforesaid intersection of Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, Lehigh County, Pennsylvania.

30.     While the Plaintiff's vehicle was lawfully stopped, an explosion occurred at the Defendants' pipeline.

31.     At the aforesaid time and place, Plaintiff observed the Shannon vehicle in front of him appear to explode and said vehicle's hood lifted up and blew off as the vehicle was lifted off the ground.

32.     At the aforesaid time and place, Plaintiff observed a fireball shoot directly from the Shannon vehicle into Plaintiff's windshield, destroying Plaintiff's vehicle.

33.     At the aforesaid time and place, Plaintiff observed flames travelling toward the gasoline pipeline and the pipeline exploded, thereby causing the ground to tremble and shake around him and his vehicle.

34.     Plaintiff further observed flames travelling from the pipeline approximately one hundred (100) feet into the air and the fire raged out of control.

35.     Plaintiff further observed the fire engulf the Shannon vehicle, the telephone wires, the electrical wires and large oak trees in the area.

36.     As a result of the explosion, fire engulfed Plaintiff's vehicle, rendered it inoperable and forced Plaintiff to attempt to exit his vehicle through the driver's side door.

37.     Plaintiff was unable to exit his vehicle through the driver and passenger side doors because both areas were engulfed with flames.  Eventually, Plaintiff was able to exit

his vehicle.

38.     After exiting his vehicle, Plaintiff awaited police, fire and medical personnel to respond to the fire.

39.     At the aforesaid time and place, Plaintiff further witnessed a subsequent explosion which caused the ground to tremble and fire to engulf the area, including the electrical lines, telephone lines and trees.

40.     As a result of the explosion on February 1, 2005 and the fireball which destroyed his vehicle, caused by the negligence of the Defendants, Plaintiff experienced severe ringing in both ears.

41.     As a result of the explosion on February 1, 2005, which was caused by the negligence of the Defendants, Plaintiff began experiencing nightmares on a regular basis.

42.     As a result of the explosion on February 1, 2005, which was caused by the negligence of the Defendants, Plaintiff developed serious and severe hearing loss which may become permanent in nature.

43.     As a result of the explosion on February 1, 2005, which was caused by the negligence of the Defendants, Plaintiff suffers from Post Traumatic Stress Disorder ( hereinafter "PTSD"), a loss of self-esteem, a decrease in self-image and a feeling of weakness for having to experience what he has experienced since the explosion.

44.     Prior to the date of the explosion, the Plaintiff enjoyed excellent health, including excellent hearing.

45.     In 1994, Plaintiff volunteered for active service in the United States Marine Corps, wherein he remained on active duty until 1998.  From 1998 until 2001, Plaintiff

remained in the Marine Corps on inactive duty and he was honorably discharged from the Marine Corps in 2001.

**U.S. Army Reserves - Application to Flight School**

46.     On May 10, 2004, Plaintiff enlisted in the United States Army Reserves.

47.     In 2004,  Plaintiff applied for admission into the United States Army Flight School, wherein he would receive training and certification as a helicopter pilot.

48.     Pursuant to his application for admission to flight school, Plaintiff was given a series of physical and academic tests, including a hearing test which was administered in November, 2004.

49.     Prior to February, 2005, Plaintiff enjoyed excellent physical health, performed exceptionally well on all physical testing, had keen hearing and was, in all ways, an excellent candidate for admission into the flight school.

50.     Prior to February, 2005, Plaintiff was advised by his superior officers that he was an excellent candidate for flight school and his acceptance into flight school was a certainty.

51.     Plaintiff's admission into the helicopter training program would require him to take a two (2) year active duty training course and he would have been promoted to Warrant Officer 1.

52.     Upon his completion of two (2) years of training, Plaintiff would have been promoted to Warrant Officer 2, wherein he would return to the active reserves and be available for private employment as a helicopter pilot.

53.     As a result of the explosion on February 1, 2005, which was caused by the

negligence of the Defendants, Plaintiff's hearing immediately began to deteriorate.

54.     As a result of the explosion on February 1, 2005, which was caused by the negligence of the Defendants, Plaintiff experienced nightmares on a regular basis and his emotional condition deteriorated daily.

55.     As a result of the explosion on February 1, 2005, which was caused by the negligence of the Defendants, Plaintiff was examined by Gerald Cooke, Ph.D., a forensic psychologist, who determined that Plaintiff was suffering from PTSD, a loss of self-esteem, a decrease in self-image and a feeling of weakness for having to experience what he has experienced since the explosion.

56.     The Medical Board of the United States Army Reserve further confirmed that Plaintiff suffers from PTSD, as documented by Dr. Cooke.

**U.S. Army - Rejection from Flight School and Involuntary Discharge**

57.     According to the records from the United States Army, Plaintiff passed his written examination for entrance into the Army Flight School.

58.     Plaintiff's hearing loss, while deemed a possible future problem which could impact his ability to complete flight school, did not, in of itself, disqualify him from admission to flight school.

59.     The United States Army denied Plaintiff admission to flight school because he suffers from Post Traumatic Stress Disorder.

60.     According to United States Army records, Plaintiff "failed aeromedical adaptability due to probable PTSD from explosion which could potentially render soldier incapacitated."

11

61.     The United States Army initially determined that Plaintiff was "fit for all military duties not to include flight."

62.     The United States Army 99th Regional Readiness Command subsequently determined that Plaintiff was found medically unfit for retention in the Reserves.

63.     As a result of the injuries sustained in the explosion on February 1, 2005, which was caused by the negligence of the Defendants, the Plaintiff was discharged from the United States Army Reserves.

**Hearing Loss**

64.     As a result of the explosion on February 1, 2005, caused by the negligence of the Defendants, the Plaintiff continues to suffer significant hearing loss.

65.     Plaintiff continues to experience ringing in both ears on a daily basis.

66.     Plaintiff's audiometric tests confirm a significant change in hearing in both ears at all frequencies, when compared to baseline tests taken before and after his exposure to the February 1, 2005, explosion.

67.     An audiologist has further determined that Plaintiff's shift in hearing is not representative of work noise exposures as a forklift operator.

68.     Plaintiff's hearing loss is further documented by audiometric tests which were performed on him on May 26, 2004, March 3, 2005, July 25, 2005 and November 8, 2005.

69.     Plaintiff will eventually require a hearing aid in order to enhance his hearing.

70.     Plaintiff may experience a complete loss of his ability to hear in one or both ears .

**<u>Deteriorating Medical Condition - Post Traumatic Stress Disorder</u>**

71.     As a result of the explosion on February 1, 2005, caused by the negligence of the Defendants, Plaintiff continues to suffer from PTSD and remains under the care of Frank M. Dattilio, Ph.D., ABPP, a clinical and forensic psychologist.

72.     Plaintiff continues to experience symptoms involving startle response, excited responses to the slightest noise and being on edge.

73.     Plaintiff suffers from poor concentration and experiences nightmares on a regular basis.

74.     Plaintiff also regularly experiences flashbacks from the explosion.

75.     As a result of the continued deterioration of his condition, Plaintiff has been prescribed the medication Paxil, which he takes on a daily basis.

**<u>Damages - Loss of Future Earnings</u>**

76.     As a result of the aforesaid explosion, Plaintiff was deprived of the opportunity of enrolling in and completing Army flight school and obtaining certification as helicopter pilot for the U.S. Army and in the civilian labor force.

77.     Plaintiff, upon completion of flight school and certification as a helicopter pilot, would be eligible for earnings within the range of $58,670-$210,000 per year.

78.     The earning level comparison between a civilian helicopter pilot and Plaintiff's current employment as a forklift operator establishes an annual differential in earnings to a maximum of $172,144.

79.     As a result of the injuries sustained in the aforesaid explosion and the Plaintiff's rejection from Army flight school, Plaintiff will suffer a maximum reduction in

earning capacity totalling Six Million Two Hundred Forty-Seven Thousand ($6,247,000.00)

Dollars.

80.     As a result of the injuries sustained in the aforesaid explosion and the

Plaintiff's medical discharge from the United States Army Reserves, Plaintiff will suffer Army

Reserve salary loss in excess of Five Hundred Thousand ($500,000.00) Dollars.

81.      As a result of the injuries sustained in the aforesaid explosion and the

Plaintiff's medical discharge from the United States Army Reserves, Plaintiff will suffer

additional loss of pension benefits, life insurance and commissary privileges.

82.     The above-described explosion on February 1, 2005, resulted solely from

the negligence and carelessness of the Defendants, which includes:

> A.     Failure to inspect and maintain the safety of the Defendants' Malvern to New York pipeline at the Allentown junction;
>
> B.     Failure to develop and submit a proper protocol for mechanical and metallurgical testing of the pipeline at the Allentown junction;
>
> C.     Failure to exercise a proper duty of care in meeting safety standards for the flow of hazardous liquids through the Malvern to New York pipeline at the Allentown junction;
>
> D.     Failure to inspect, maintain and replace the valve settings and fittings at the Allentown junction;
>
> E.     Failure to inspect the valve settings and fittings at the Allentown junction during the fall of 2004 and winter of 2005, in order to locate and drain any water from the settings and/or fittings;

14

F.      Failure to conduct all physical inspection, testing, repair, replacement or other action at the Allentown junction appropriate for the transfer and flow of hazardous liquids;

G.      Failure to protect Plaintiff and the public who were lawfully travelling on the highways of this Commonwealth from the hazardous flow of liquids through the pipeline at the Allentown junction;

H.      Causing or allowing the pipeline at the Allentown junction to remain in a dangerous condition, despite actual and/or constructive knowledge thereof;

I.      Failing to warn of the dangerous condition, including the dangers caused by the uninspected pipeline at the Allentown junction;

J.      Failing to properly or adequately inspect the premises for hazards, thereby allowing water to accumulate and freeze in the valve settings and fittings at the Allentown junction;

K.      Failing to properly train personnel concerning the routine maintenance and inspection of the aforesaid premises for hazards, including the accumulated water in the valve settings and fittings at the Allentown junction;

L.      Failing to use reasonable prudence and ordinary care in maintaining the aforesaid premises in a reasonably safe condition;

M.      Failing to give warning of any failure to maintain the possessed

15

premises in a reasonably safe condition;

N.      Breaching its affirmative duty to Plaintiff and other members of
        the public to maintain the premises in a reasonably safe condition;

O.      Failing to exercise due care and to provide foreseeable and
        adequate safeguards to prevent the above-described accident and
        the resulting injuries to the Plaintiff;

P.      Failing to exercise due care and to comply with existing public or
        commercial  safety standards concerning the maintenance of the
        aforesaid premises and the flow of hazardous liquids through the
        pipeline located thereon;

Q.      Negligently creating a dangerous and/or ultra-hazardous condition
        at the pipeline's Allentown junction, located in South Whitehall
        Township;

R.      Violating local, state and federal ordinances, statutes and standards
        for the safety of operating a pipeline and protecting citizens from
        the hazards of the flow of hazardous liquids, including liquid
        gasoline; and

S.      By such other negligent acts and/or omissions as will become
        evident in the course of Discovery and Trial.

83.     The transferring of ultra-hazardous liquids through a pipeline is an
abnormally dangerous and/or ultra-hazardous activity.  Defendants engaged in said activity and
violated local, state and federal laws and regulations that regulate the flow of hazardous

16

substances.  Defendants further breached their duty of care to the Plaintiffs and others.

84.     Plaintiffs have been harmed by the aforesaid abnormally dangerous and ultra-hazardous activities of Defendants.

85.     Defendants violated the laws and regulations that regulate hazardous substances and their transfer and breached their duty of care to Plaintiffs.

86.     Plaintiffs were harmed by Defendants' breach of their duty of care and violation of the aforesaid safety laws and regulations concerning hazardous substances and their transfer.

87.     Defendants' aforesaid conduct constitutes negligence per se.

88.     The pipeline and premises at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, was in the exclusive control of the Defendants.

89.     The Plaintiffs did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

90.     The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

91.     The Defendants are liable to Plaintiffs for all damages and injuries under the Doctrine of Res Ipsa Loquitur.

## COUNT I

## NEGLIGENCE

### Plaintiff, Laurance E. Harris
### vs.
### Defendants Exxon Mobil Corporation, Exxon Corporation and Mobil Corporation a/k/a

**Defendant Exxon Mobil Corporation**

92.     Paragraphs One (1) through Ninety-One (91) above are incorporated by reference herein as though set forth more fully at length below.

93.     The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant Exxon Mobil Corporation.

94.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

> A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;
>
> B.     Loss of past, present and future earnings;
>
> C.     Loss of pension, life insurance and medical benefits;
>
> D.     Past, present and future medical bills and expenses; and
>
> E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Corporation and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT II

## NEGLIGENCE

**Plaintiff, Laurance E. Harris vs. Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline**

18

**Company**

95.     Paragraphs One (1) through Ninety-Four (94) above are incorporated by reference herein as though set forth more fully at length below.

96.     The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant Mobil Pipe Line Company.

97.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

    A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

    B.     Loss of past, present and future earnings;

    C.     Loss of pension, life insurance and medical benefits;

    D.     Past, present and future medical bills and expenses; and

    E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT III

## NEGLIGENCE

**Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Pipeline Company a/k/a Exxon Pipeline Company**

98.     Paragraphs One (1) through Ninety-Seven (97) above are incorporated by reference herein as though set forth more fully at length below.

99.     The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant Exxon Mobil Pipeline Company.

100.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.     Loss of past, present and future earnings;

C.     Loss of pension, life insurance and medical benefits;

D.     Past, present and future medical bills and expenses; and

E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

**COUNT IV**

**NEGLIGENCE**

20

**Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Risk Management, Inc.**

101     Paragraphs One (1) through One Hundred (100) above are incorporated by reference herein as though set forth more fully at length below.

102.     The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant Exxon Mobil Risk Management, Inc..

103.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

    A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

    B.     Loss of past, present and future earnings;

    C.     Loss of pension, life insurance and medical benefits;

    D.     Past, present and future medical bills and expenses; and

    E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Risk Management, Inc. and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT V

## NEGLIGENCE

21

**Plaintiff, Laurance E. Harris vs. Defendant John Doe I**

104.    Paragraphs One (1) through One Hundred Three (103) above are incorporated by reference herein as though set forth more fully at length below.

105.    The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant John Doe I.

106.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe I and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

**COUNT VI**

**NEGLIGENCE**

**Plaintiff, Laurance E. Harris vs. Defendant John Doe II**

22

107.    Paragraphs One (1) through One Hundred Six (106) above are incorporated by reference herein as though set forth more fully at length below.

108.    The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant John Doe II.

109.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

      A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

      B.    Loss of past, present and future earnings;

      C.    Loss of pension, life insurance and medical benefits;

      D.    Past, present and future medical bills and expenses; and

      E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe II and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT VII

## NEGLIGENCE

## **Plaintiff, Laurance E. Harris vs. Defendant John Doe III**

110.    Paragraphs One (1) through One Hundred Nine (109) above are

23

incorporated by reference herein as though set forth more fully at length below.

111.   The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant John Doe III.

112.   Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.   Plaintiff's injuries include:

A.   Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.   Loss of past, present and future earnings;

C.   Loss of pension, life insurance and medical benefits;

D.   Past, present and future medical bills and expenses; and

E.   Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe III and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

**COUNT VIII**

**NEGLIGENCE**

**Plaintiff, Laurance E. Harris vs. Defendant John Doe IV**

113.   Paragraphs One (1) through One Hundred Twelve (112) above are incorporated by reference herein as though set forth more fully at length below.

114.     The aforesaid accident was the direct and proximate result of the negligence and carelessness of the Defendant John Doe IV.

115.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

> A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;
>
> B.     Loss of past, present and future earnings;
>
> C.     Loss of pension, life insurance and medical benefits;
>
> D.     Past, present and future medical bills and expenses; and
>
> E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe IV and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT IX

## NEGLIGENCE

### Plaintiff, Laurance E. Harris vs. Defendant John Doe V

116.     Paragraphs One (1) through One Hundred Fifteen (115) above are incorporated by reference herein as though set forth more fully at length below.

117.     The aforesaid accident was the direct and proximate result of the

negligence and carelessness of the Defendant John Doe V.

118.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe V and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT X

## NEGLIGENCE PER SE

**Plaintiff, Laurance E. Harris vs. Defendants Exxon Mobil Corporation, Exxon Corporation and Mobil Corporation a/k/a Defendant Exxon Mobil Corporation**

119.    Paragraphs One (1) through One Hundred Eighteen (118) above are incorporated by reference herein as though set forth more fully at length below.

120.    The flow of hazardous liquids through a pipeline is controlled through

local, state and federal regulations, including Title 49 of the U.S. Code, including 49 U.S.C.

§60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

     121.    The Defendants have a common law and statutory duty of care to

Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry

Road and Wehr Mill Road, Orefield, South Whitehall Township.

     122.    Defendants have breached their duty of care to Plaintiffs and said breach

was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

     123.    Defendants' conduct constitutes negligence per se, for which they are

liable to Plaintiffs for all injuries and damages.

     124.    Plaintiff suffered the aforesaid injuries and damages as a result of the

negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting

within the scope of their employment.  Plaintiff's injuries include:

       A.    Severe and permanent psychological and emotional injury,

            anguish, shame, embarrassment, sleeplessness, fear and anxiety;

       B.    Loss of past, present and future earnings;

       C.    Loss of pension, life insurance and medical benefits;

       D.    Past, present and future medical bills and expenses; and

       E.    Such other damages as will become evident in the course of

            Discovery and at Trial.

     WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court

enter judgment for Plaintiff and against Defendant Exxon Mobil Corporation and award Plaintiff

general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars,

including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XI

## NEGLIGENCE PER SE

**Plaintiff, Laurance E. Harris vs. Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company**

125.   Paragraphs One (1) through One Hundred Twenty-Four (124) above are incorporated by reference herein as though set forth more fully at length below.

126.   The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including  49 U.S.C. §60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

127.   The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

128.   Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

129.   Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

130.   Plaintiff suffered the aforesaid injuries and damages as a result of the

negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XII

## NEGLIGENCE PER SE

**Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Pipeline Company a/k/a Exxon Pipeline Company**

131.    Paragraphs One (1) through One Hundred Thirty (130) above are incorporated by reference herein as though set forth more fully at length below.

132.    The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including  49 U.S.C.

§60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

133.    The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

134.    Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

135.    Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

136.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

> A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;
>
> B.    Loss of past, present and future earnings;
>
> C.    Loss of pension, life insurance and medical benefits;
>
> D.    Past, present and future medical bills and expenses; and
>
> E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XIII

## NEGLIGENCE PER SE

### Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Risk Management, Inc.

137.     Paragraphs One (1) through One Hundred Thirty-Six (136) above are incorporated by reference herein as though set forth more fully at length below.

138.     The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including 49 U.S.C. §60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

139.     The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

140.     Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

141.     Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

142.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

> A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;
>
> B.     Loss of past, present and future earnings;
>
> C.     Loss of pension, life insurance and medical benefits;

D.      Past, present and future medical bills and expenses; and

E.      Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Risk Management, Inc. and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XIV

## NEGLIGENCE PER SE

### Plaintiff, Laurance E. Harris vs. Defendant John Doe I

143.    Paragraphs One (1) through One Hundred Forty-Two (142) above are incorporated by reference herein as though set forth more fully at length below.

144.    The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code, including 49 U.S.C. §60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

145.    The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

146.    Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

147.    Defendants' conduct constitutes negligence per se, for which they are

liable to Plaintiffs for all injuries and damages.

148.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe I and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XV

## NEGLIGENCE PER SE

### Plaintiff, Laurance E. Harris vs. Defendant John Doe II

149.    Paragraphs One (1) through One Hundred Forty-Eight (148) above are incorporated by reference herein as though set forth more fully at length below.

150.    The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including 49 U.S.C.

33

§60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

151.   The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

152.   Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

153.   Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

154.   Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

> A.   Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;
>
> B.   Loss of past, present and future earnings;
>
> C.   Loss of pension, life insurance and medical benefits;
>
> D.   Past, present and future medical bills and expenses; and
>
> E.   Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe II and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XVI

## NEGLIGENCE PER SE

### Plaintiff, Laurance E. Harris vs. Defendant John Doe III

155.   Paragraphs One (1) through One Hundred Fifty-Four (154) above are incorporated by reference herein as though set forth more fully at length below.

156.   The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including 49 U.S.C. §60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

157.   The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

158.   Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

159.   Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

160.   Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

    A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

    B.    Loss of past, present and future earnings;

    C.    Loss of pension, life insurance and medical benefits;

     D.     Past, present and future medical bills and expenses; and

     E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe III and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XVII

## NEGLIGENCE PER SE

### Plaintiff, Laurance E. Harris vs. Defendant John Doe IV

161.    Paragraphs One (1) through One Hundred Sixty (160) above are incorporated by reference herein as though set forth more fully at length below.

162.    The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including 49 U.S.C. §60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

163.    The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

164.    Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

165.    Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

166.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe IV and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XVIII

## NEGLIGENCE PER SE

### Plaintiff, Laurance E. Harris vs. Defendant John Doe V

167.    Paragraphs One (1) through One Hundred Sixty-Six (166) above are incorporated by reference herein as though set forth more fully at length below.

168.    The flow of hazardous liquids through a pipeline is controlled through local, state and federal regulations, including Title 49 of the U.S. Code,  including 49 U.S.C. §60112; Title 49 of the U.S. Code of Federal Regulations, 49 C.F.R. §190-199.

169.    The Defendants have a common law and statutory duty of care to Plaintiffs and others who traverse the area of the pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township.

170.    Defendants have breached their duty of care to Plaintiffs and said breach was the direct and proximate cause of the Plaintiffs' injuries, damages and causes of action.

171.    Defendants' conduct constitutes negligence per se, for which they are liable to Plaintiffs for all injuries and damages.

172.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe V and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XIX

## NEGLIGENCE - RES IPSA LOQUITUR

### Plaintiff, Laurance E. Harris

**vs.**

**Defendants Exxon Mobil Corporation, Exxon Corporation and Mobil Corporation a/k/a Defendant Exxon Mobil Corporation**

173. Paragraphs One (1) through One Hundred Seventy-Two (172) above are incorporated by reference herein as though set forth more fully at length below.

174. The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

175. Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

176. The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

177. Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of

Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Corporation and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XX

## NEGLIGENCE - RES IPSA LOQUITUR

**Plaintiff, Laurance E. Harris vs. Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company**

178.    Paragraphs One (1) through One Hundred Seventy-Seven (177) above are incorporated by reference herein as though set forth more fully at length below.

179.    The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

180.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

181.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

182.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury,

40

anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.      Loss of past, present and future earnings;

C.      Loss of pension, life insurance and medical benefits;

D.      Past, present and future medical bills and expenses; and

E.      Such other damages as will become evident in the course of

Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXI

## NEGLIGENCE - RES IPSA LOQUITUR

**Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Pipeline Company a/k/a Exxon Pipeline Company**

183.    Paragraphs One (1) through One Hundred Eighty-Two (182) above are incorporated by reference herein as though set forth more fully at length below.

184.    The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

185.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

41

186.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

187.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXII

## NEGLIGENCE - RES IPSA LOQUITUR

### Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Risk Management, Inc.

188.    Paragraphs One (1) through One Hundred Eighty-Seven (187) above are incorporated by reference herein as though set forth more fully at length below.

189.    The aforesaid premises and pipeline at the Allentown junction,

Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

190.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

191.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

193.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Risk Management, Inc. and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

**COUNT XXIII**

43

## NEGLIGENCE - RES IPSA LOQUITUR

### Plaintiff, Laurance E. Harris vs. Defendant John Doe I

194.    Paragraphs One (1) through One Hundred Ninety-Three (193) above are incorporated by reference herein as though set forth more fully at length below.

195.    The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

196.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

197.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

198.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

    A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

    B.    Loss of past, present and future earnings;

    C.    Loss of pension, life insurance and medical benefits;

    D.    Past, present and future medical bills and expenses; and

    E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court

enter judgment for Plaintiff and against Defendant John Doe I and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXIV

## NEGLIGENCE - RES IPSA LOQUITUR

### Plaintiff, Laurance E. Harris vs. Defendant John Doe II

199.    Paragraphs One (1) through One Hundred Ninety-Eight (198) above are incorporated by reference herein as though set forth more fully at length below.

200.    The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

201.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

202.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

203.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury,

anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.     Loss of past, present and future earnings;

C.     Loss of pension, life insurance and medical benefits;

D.     Past, present and future medical bills and expenses; and

E.     Such other damages as will become evident in the course of

Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court

enter judgment for Plaintiff and against Defendant John Doe II and award Plaintiff general and

special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest,

the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXV

## NEGLIGENCE - RES IPSA LOQUITUR

### Plaintiff, Laurance E. Harris vs. Defendant John Doe III

204.     Paragraphs One (1) through Two Hundred Three (203) above are

incorporated by reference herein as though set forth more fully at length below.

205     The aforesaid premises and pipeline at the Allentown junction,

Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the

exclusive control of the Defendants.

206     Plaintiff did not contribute in any way to the cracking of the

valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

207     The aforesaid cracking of the valve/pipeline, explosion, release of gas into

the air and fire would not have ordinarily occurred in the absence of negligence.

208     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.     Loss of past, present and future earnings;

C.     Loss of pension, life insurance and medical benefits;

D.     Past, present and future medical bills and expenses; and

E.     Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe III and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXVI

## NEGLIGENCE - RES IPSA LOQUITUR

### Plaintiff, Laurance E. Harris vs. Defendant John Doe IV

209.     Paragraphs One (1) through Two Hundred Eight (208) above are incorporated by reference herein as though set forth more fully at length below.

210.     The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

211.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

212.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

213.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

> A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;
>
> B.    Loss of past, present and future earnings;
>
> C.    Loss of pension, life insurance and medical benefits;
>
> D.    Past, present and future medical bills and expenses; and
>
> E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe IV and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXVII

## NEGLIGENCE - RES IPSA LOQUITUR

## Plaintiff, Laurance E. Harris vs. Defendant John Doe V

214.    Paragraphs One (1) through Two Hundred Thirteen (213) above are

48

incorporated by reference herein as though set forth more fully at length below.

215.    The aforesaid premises and pipeline at the Allentown junction, Huckleberry Road and Wehr Mill Road, Orefield, South Whitehall Township, were under the exclusive control of the Defendants.

216.    Plaintiff did not contribute in any way to the cracking of the valve/pipeline, explosion, release of gas into the air and fire at the Allentown junction.

217.    The aforesaid cracking of the valve/pipeline, explosion, release of gas into the air and fire would not have ordinarily occurred in the absence of negligence.

218.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension, life insurance and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe V and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXVIII

## STRICT LIABILITY

### Plaintiff, Laurance E. Harris
**vs.**
_____
**Defendants Exxon Corporation, Mobil Corporation a/k/a Defendant Exxon Mobil Corporation**

219.     Paragraphs One (1) through Two Hundred Eighteen (218) above are incorporated by reference herein as though set forth more fully at length below.

220.     The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

221.     Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

222.     Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

223.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.     Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.     Loss of past, present and future earnings;

50

C.  Loss of pension and medical benefits;

D.  Past, present and future medical bills and expenses; and

E.  Such other damages as will become evident in the course of
Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Corporation and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXIX

## STRICT LIABILITY

**Plaintiff, Laurance E. Harris vs. Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company**

224.  Paragraphs One (1) through Two Hundred Twenty-Three (223) above are incorporated by reference herein as though set forth more fully at length below.

225.  The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

226.  Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

227.  Plaintiff has been harmed by the abnormally dangerous and/or ultra-

51

hazardous activity of the Defendant.

228.   Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.   Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.   Loss of past, present and future earnings;

C.   Loss of pension and medical benefits;

D.   Past, present and future medical bills and expenses; and

E.   Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXX

## STRICT LIABILITY

## Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Pipeline Company

229.   Paragraphs One (1) through Two Hundred Twenty-Eight (228) above are incorporated by reference herein as though set forth more fully at length below.

230.   The handling and transporting of liquid gasoline through the Malvern to

Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

231. Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

232. Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

233. Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A. Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B. Loss of past, present and future earnings;

C. Loss of pension and medical benefits;

D. Past, present and future medical bills and expenses; and

E. Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXI

## STRICT LIABILITY

### Plaintiff, Laurance E. Harris vs. Defendant Exxon Mobil Risk Management, Inc.

234.    Paragraphs One (1) through Two Hundred Thirty-Three (233) above are incorporated by reference herein as though set forth more fully at length below.

235.    The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

236.    Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

237.    Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

238.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.      Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Risk Management, Inc. and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

**COUNT XXXII**

**STRICT LIABILITY**

**<u>Plaintiff, Laurance E. Harris vs. Defendant John Doe I</u>**

239.    Paragraphs One (1) through Two Hundred Thirty-Eight (238) above are incorporated by reference herein as though set forth more fully at length below.

240.    The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

241.    Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

242.    Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

243.    Plaintiff suffered the aforesaid injuries and damages as a result of the

negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

    A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

    B.    Loss of past, present and future earnings;

    C.    Loss of pension and medical benefits;

    D.    Past, present and future medical bills and expenses; and

    E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe I and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXIII

## STRICT LIABILITY

### Plaintiff, Laurance E. Harris vs. Defendant John Doe II

244.    Paragraphs One (1) through Two Hundred Forty-Three (243) above are incorporated by reference herein as though set forth more fully at length below.

245.    The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

246.    Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

247.    Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

248.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

      A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

      B.    Loss of past, present and future earnings;

      C.    Loss of pension and medical benefits;

      D.    Past, present and future medical bills and expenses; and

      E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe II and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXIV

## STRICT LIABILITY

### Plaintiff, Laurance E. Harris vs. Defendant John Doe III

249.    Paragraphs One (1) through Two Hundred Forty-Eight (248) above are incorporated by reference herein as though set forth more fully at length below.

250.    The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

251.    Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

252.    Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

253.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court

enter judgment for Plaintiff and against Defendant John Doe III and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXV

## STRICT LIABILITY

### Plaintiff, Laurance E. Harris vs. Defendant John Doe IV

254.     Paragraphs One (1) through Two Hundred Fifty-Three (253) above are incorporated by reference herein as though set forth more fully at length below.

255.     The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

256.     Defendant, by undertaking the aforesaid abnormally dangerous and ultra-hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

257.     Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

258.     Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting

within the scope of their employment.  Plaintiff's injuries include:

    A.      Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

    B.      Loss of past, present and future earnings;

    C.      Loss of pension and medical benefits;

    D.      Past, present and future medical bills and expenses; and

    E.      Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe IV and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXVI

## STRICT LIABILITY

### Plaintiff, Laurance E. Harris vs. Defendant John Doe V

259.    Paragraphs One (1) through Two Hundred Fifty-Eight (258) above are incorporated by reference herein as though set forth more fully at length below.

260.    The handling and transporting of liquid gasoline through the Malvern to Buffalo, Syracuse pipeline, through the Allentown/South Whitehall junction, is abnormally dangerous, ultra-hazardous and possessing of high degree of risk of harm to persons, land or others, including Plaintiffs.

261.    Defendant, by undertaking the aforesaid abnormally dangerous and ultra-

hazardous activity, is strictly liable to Plaintiffs and others for any and all harm caused by such activity without regard to negligence.

262.    Plaintiff has been harmed by the abnormally dangerous and/or ultra-hazardous activity of the Defendant.

263.    Plaintiff suffered the aforesaid injuries and damages as a result of the negligence of the Defendant, its affiliates, subsidiaries, agents, servants and/or employees acting within the scope of their employment.  Plaintiff's injuries include:

A.    Severe and permanent psychological and emotional injury, anguish, shame, embarrassment, sleeplessness, fear and anxiety;

B.    Loss of past, present and future earnings;

C.    Loss of pension and medical benefits;

D.    Past, present and future medical bills and expenses; and

E.    Such other damages as will become evident in the course of Discovery and at Trial.

WHEREFORE, Plaintiff, Laurance E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe V and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXVII

## LOSS OF CONSORTIUM

### Plaintiff, Erin E. Harris
### vs.
### Defendants Exxon Corporation, Mobil Corporation a/k/a Defendant Exxon Mobil

**Corporation**

264.    Paragraphs One (1) through Two Hundred Sixty-Three (263) above are incorporated by reference herein as though set forth more fully at length below.

265.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

266.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Corporation and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.


## COUNT XXXVIII

## LOSS OF CONSORTIUM

**Plaintiff, Erin E. Harris vs. Defendant Mobil Pipeline Company a/k/a Mobil Pipeline Company**

267.    Paragraphs One (1) through Two Hundred Sixty-Six (266) above are incorporated by reference herein as though set forth more fully at length below.

268.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

269.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XXXIX

## LOSS OF CONSORTIUM

### Plaintiff, Erin E. Harris vs. Defendant Exxon Mobil Pipeline Company

270.    Paragraphs One (1) through Two Hundred Sixty-Nine (269) above are incorporated by reference herein as though set forth more fully at length below.

271.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

272.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Pipeline Company and award

Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XL

## LOSS OF CONSORTIUM

**Plaintiff, Erin E. Harris vs. Defendant Exxon Mobil Risk Management, Inc.**

273.    Paragraphs One (1) through Two Hundred Seventy-Two (272) above are incorporated by reference herein as though set forth more fully at length below.

274.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

275.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant Exxon Mobil Risk Management, Inc. and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLI

## LOSS OF CONSORTIUM

**Plaintiff, Erin E. Harris vs. Defendant John Doe I**

276.     Paragraphs One (1) through Two Hundred Seventy-Five (275) above are incorporated by reference herein as though set forth more fully at length below.

277.     At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

278.     As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe I and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLII

## LOSS OF CONSORTIUM

### Plaintiff, Erin E. Harris vs. Defendant John Doe II

279.     Paragraphs One (1) through Two Hundred Seventy-Eight (278) above are incorporated by reference herein as though set forth more fully at length below.

280.     At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

281.     As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great

detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe II and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLIII

## LOSS OF CONSORTIUM

### Plaintiff, Erin E. Harris vs. Defendant John Doe III

282.    Paragraphs One (1) through Two Hundred Eighty-One (281) above are incorporated by reference herein as though set forth more fully at length below.

283.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

284.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe III and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest,

the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLIV

## LOSS OF CONSORTIUM

### Plaintiff, Erin E. Harris vs. Defendant John Doe IV

285.    Paragraphs One (1) through Two Hundred Eighty-Four (284) above are incorporated by reference herein as though set forth more fully at length below.

286.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is the wife of Plaintiff, Laurance E. Harris.

287.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe IV and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLV

## LOSS OF CONSORTIUM

### Plaintiff, Erin E. Harris vs. Defendant John Doe V

288.    Paragraphs One (1) through Two Hundred Eighty-Seven (287) above are incorporated by reference herein as though set forth more fully at length below.

289.    At all times relevant to the within action, the Plaintiff, Erin E. Harris, is

the wife of Plaintiff, Laurance E. Harris.

      290.    As a direct and proximate cause of the Defendant's negligence and carelessness as heretofore described, Plaintiff, Erin E. Harris, has suffered and may continue to suffer the loss of her husband's services, society, companionship and consortium all to her great detriment and loss.

      WHEREFORE, Plaintiff, Erin E. Harris, requests that this Honorable Court enter judgment for Plaintiff and against Defendant John Doe V and award Plaintiff general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLVI

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
vs.
### Defendants Exxon Corporation, Mobil Corporation a/k/a Defendant Exxon Mobil Corporation

      291.    Paragraphs One (1) through Two Hundred Ninety (290) above are incorporated by reference herein as though set forth more fully at length below.

      292.    The conduct of the Defendant was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

      293.    The character of the Defendant's acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

      294.    At all times herein mentioned, the Defendant's actions and omissions were

of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

295.    As a direct and proximate cause of the Defendant's conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant Exxon Mobil Corporation and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLVII

## PUNITIVE DAMAGES

**Plaintiffs, Laurance E. Harris and Erin E. Harris**
**vs.**
**Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company**

296.    Paragraphs One (1) through Two Hundred Ninety-Five (295) above are incorporated by reference herein as though set forth more fully at length below.

297.    The conduct of the Defendant was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

298.    The character of the Defendant's acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

299.    At all times herein mentioned, the Defendant's actions and omissions were

of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

300.    As a direct and proximate cause of the Defendant's conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant Mobil Pipe Line Company a/k/a Mobil Pipeline Company and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLVIII

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
### vs.
### Defendants  Exxon Mobil Pipeline Company

301.    Paragraphs One (1) through Three Hundred (300) above are incorporated by reference herein as though set forth more fully at length below.

302.    The conduct of the Defendant was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

303.    The character of the Defendant's acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

304.    At all times herein mentioned, the Defendant's actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

305.    As a direct and proximate cause of the Defendant's conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendants Exxon Mobil Pipeline Company and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT XLIX

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
### vs.
### Defendant Exxon Mobil Risk Management, Inc.

306.    Paragraphs One (1) through Three Hundred Five (305) above are incorporated by reference herein as though set forth more fully at length below.

307.    The conduct of the Defendant was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

308.    The character of the Defendant's acts were such that the nature and extent

of harm to the Plaintiffs was catastrophic.

309.    At all times herein mentioned, the Defendant's actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

310.    As a direct and proximate cause of the Defendant's conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant Exxon Mobil Risk Management, Inc. and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT L

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
### vs.
### Defendant John Doe I

311.    Paragraphs One (1) through Three Hundred Ten (310) above are incorporated by reference herein as though set forth more fully at length below.

312.    The conduct of the Defendants was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

72

313.     The character of the Defendants' acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

314.     At all times herein mentioned, the Defendants' actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

315.     As a direct and proximate cause of the Defendants' conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant John Doe I and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT LI

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
### vs.
### Defendant John Doe II

316.     Paragraphs One (1) through Three Hundred Fifteen (315) above are incorporated by reference herein as though set forth more fully at length below.

317.     The conduct of the Defendants was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

318.    The character of the Defendants' acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

319.    At all times herein mentioned, the Defendants' actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

320.    As a direct and proximate cause of the Defendants' conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant John Doe II and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT LII

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
### vs.
### Defendants John Doe III

321.    Paragraphs One (1) through Three Hundred Twenty (320) above are incorporated by reference herein as though set forth more fully at length below.

322.    The conduct of the Defendants was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

323.     The character of the Defendants' acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

324.     At all times herein mentioned, the Defendants' actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

325.     As a direct and proximate cause of the Defendants' conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant John Doe III and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT LIII

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
vs.
### Defendants John Doe IV

326.     Paragraphs One (1) through Three Hundred Twenty-Five (325) above are incorporated by reference herein as though set forth more fully at length below.

327.     The conduct of the Defendants was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

328.    The character of the Defendants' acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

329.    At all times herein mentioned, the Defendants' actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

330.    As a direct and proximate cause of the Defendants' conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant John Doe IV and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

## COUNT LIV

## PUNITIVE DAMAGES

### Plaintiffs, Laurance E. Harris and Erin E. Harris
### vs.
### Defendants John Doe V

331.    Paragraphs One (1) through Three Hundred Thirty (330) above are incorporated by reference herein as though set forth more fully at length below.

332.    The conduct of the Defendants was either reckless or sufficiently in disregard of the interests of the Plaintiffs so as to be willful or wanton or recklessly  indifferent to the rights of  Laurance E. Harris and his wife, Erin E. Harris, Plaintiffs herein.

333.     The character of the Defendants' acts were such that the nature and extent of harm to the Plaintiffs was catastrophic.

334.     At all times herein mentioned, the Defendants' actions and omissions were of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct and/or a reckless indifference to the rights, health, safety and welfare of Laurance E. Harris and Erin E. Harris, Plaintiffs herein.

335.     As a direct and proximate cause of the Defendants' conduct and omissions, Plaintiffs have suffered the damages set forth herein and are entitled to punitive damages as may be permitted by law.

WHEREFORE, Plaintiffs Laurance E. Harris and Erin E. Harris, request that this Honorable Court enter judgment for Plaintiffs and against Defendant John Doe V and award Plaintiffs punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, including interest, the costs of this suit and any other relief that this Court deems appropriate.

Respectfully submitted,

_____
Fredrick E. Charles, Esquire
Attorney I.D. Number 25691
Attorney for Plaintiffs

441 Linden Street
Allentown, PA  18101
(610) 437-7064